RACHAEL A. HONIG
Acting United States Attorney
By: MARGARET A. MAHONEY
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2761
Email: Margaret.ann.mahoney@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF LAWRENCE BRINKLEY, deceased, by and through, Taquiyyah Miller and Tameer Miller, Administrators of the Estate of Lawrence Brinkley, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> *Defendant.* | HON. RENÉE MARIE BUMB <br><br> Civ. No. 21-cv-09955 (RMB)(MJS) <br><br> **ANSWER TO COMPLAINT AND SEPARATE DEFENSES** |

Defendant the United States of America, by and through its attorney Rachael A. Honig, Acting United States Attorney for the District of New Jersey (Margaret Ann Mahoney, Assistant United States Attorney, appearing), answers the complaint filed in this action, paragraph by paragraph, upon information and belief, as follows:

## I.     INTRODUCTION

1.     This unnumbered paragraph sets forth Plaintiffs' characterization of the action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this suit concerning alleged medical negligence under the Federal Torts Claims Act and denies any remaining allegations

1

in this paragraph.

## II.     JURISDICTION AND VENUE

1. Paragraph 1 sets forth conclusions of law, to which no response is required. To the extent a response is required, defendant admits that plaintiff purports to bring suit under the Federal Tort Claims Act and denies that plaintiff is entitled to relief. Defendant denies any remaining allegations in paragraph 1 and respectfully refers the Court to the statutes cited therein.

2. Paragraph 2 sets forth plaintiffs' assertion of venue and conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in the United States District Court for New Jersey.

## III.     PARTIES

3. Defendant admits that Lawrence Brinkley was housed at the Federal Correctional Institute at Fort Dix ("FCI Fort Dix") from December 28, 2016 until January 5, 2018. Defendant further admits that Lawrence Brinkley died on January 5, 2018. Defendant denies any remaining allegations in paragraph 3.

4. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 4 and therefore they are denied.

5. Defendant lacks sufficient information to admit or deny any remaining allegations in Paragraph 5 and therefore they are denied.

6. Defendant admits that the United States of America is the only appropriate defendant in an action brought under the Federal Tort Claims Act.

## IV.   STATEMENT OF FACTS

7.   Defendant admits that on December 2, 2016, Lawrence Brinkley was sentenced by the United States District Court for the District of Delaware to a forty-eight (48) month term of incarceration for Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone in violation of 21 U.S.C. §§ 841(A)(1), (B)(1) (C), and 846.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore they are denied.

8.   Defendant admits that Lawrence Brinkley was transferred to FCI Fort Dix on or about December 28, 2016.  Defendant further admits that Mr. Brinkley was seen by a paramedic during the intake screening process and that he denied any painful medical conditions or history of cancer during the screening process.  Defendant further admits that Mr. Brinkley was not enrolled in any chronic care clinics at his previous facility and that there was no break in his custody. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore they are denied.

9.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore they are denied.

10.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore they are denied.

11.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore they are denied.

12.   Defendant denies knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 12 and therefore they are denied. [1]

18. [ Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore they are denied.

19. Defendant admits that Mr. Brinkley received no diagnostic testing during the month of June 2017 but Defendant states that BOP records do not reflect that Mr. Brinkley submitted any sick calls or "cop-outs" requesting a medical appointment or requesting to receive treatment for any reported medical concern during the month of June 2017. Defendant denies the remaining allegations in paragraph 19.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore they are denied.

21. Defendant admits that Mr. Brinkley was taken to Robert Woods Johnson University Hospital on or about July 3, 2017 and diagnosed with bleeding hemorrhoids. Defendant admits that Mr. Brinkley was discharged back to FCI Fort Dix later that same day. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore they are denied.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore they are denied.

---

[1] The complaint contains two paragraphs assigned the number "12". The first appears on page 3 and the second appears on page 4. Although the Complaint numbering is out of order and often duplicative, for ease of reference, Defendant responds to each paragraph in the order it appears in the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore they are denied.

24. Defendant admits that Mr. Brinkley was transported to a local hospital on or about July 13, 2017 and was diagnosed with non-thrombosed, external, bleeding hemorrhoids and was discharged back to FCI Fort Dix the following morning. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore they are denied.

25. Defendant admits that Mr. Brinkley returned to FCI Fort Dix on or about July 13, 2007 with a diagnosis of non-thrombosed, external, bleeding hemorrhoids and was seen by BOP medical staff. Defendant denies the remaining allegations in in paragraph 25.

12. Defendant admits that during his time at FCI Fort Dix, Mr. Brinkley received treatment for hemorrhoids. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore they are denied.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore they are denied.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore they are denied.

16. Defendant admits that in October 2016 Mr. Brinkley turned 51 years old. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 16 and therefore they are denied.

17. Defendant admits that Mr. Brinkley underwent a coloscopy on or about September 11, 2017. Defendant denies the remaining allegations in paragraph 17.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 on page 5 and therefore they are denied.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits that Mr. Brinkley received a colonoscopy on or about September 11, 2017. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore they are denied.

27. Defendant admits that the September 11, 2017, colonoscopy performed on Mr. Brinkley revealed, among other things, a single small pedunculated polyp located in the transverse colon.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore they are denied.

29. Defendant admits that the Utilization Review Committee ("URC") at FCI Fort Dix is responsible for, among other things, reviewing outside medical, surgical, and dental procedures; requests for specialist evaluations; and case considerations for extraordinary care. Defendant further admits that the URC is chaired by the Clinical Director. Defendant denies all other allegations contained in paragraph 29 of the complaint and therefore they are denied.

31.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore they are denied.

29.    Defendant admits that Mr. Brinkley was seen by BOP medical staff at FCI Fort Dix on or about October 19, 2017. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 on page 6 of the complaint and therefore they are denied.

30.    Defendant admits that Mr. Brinkley was seen by BOP medical staff on or about October 19, 2017.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 on page 6 of the complaint and therefore they are denied.

32.    Defendant admits that Mr. Brinkley received testing by BOP Medical staff during the month of October 2017.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the complaint and therefore they are denied.

33.    Defendant admits that Mr. Brinkley was transported to an outside hospital on November 27, 2017 for medical care. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the complaint and therefore they are denied.

34.    Defendant admits that Mr. Brinkley was transported to an outside hospital on November 27, 2017 for medical care. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the complaint and therefore they are denied.

35. Defendant admits that Mr. Brinkley died on January 5, 2018. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore they are denied.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore they are denied.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore they are denied.

38. Defendant admits that Mr. Brinkley was convicted of Conspiracy to Distribute and Possess With Intent to Distribute Oxycodone in violation of 21 U.S.C. §§ 841(A)(1) & (B)(1)(c) and 846 and was sentenced to serve a forty-eight (48) month term of incarceration. Defendant denies the remaining allegations in paragraph 38.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore they are denied.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore they are denied.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Paragraph 45 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant states that the First Step Act of 2018 (P.L. 115-391) speaks for itself and represents the best evidence of its

contents. Defendant respectfully refers the Court to that Act for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 45.

46. Paragraph 46 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant states that the First Step Act of 2018 (P.L. 115-391) speaks for itself and represents the best evidence of its contents. Defendant respectfully refers the Court to that Act for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 46.

47. Paragraph 47 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant states that the First Step Act of 2018 (P.L. 115-391) speaks for itself and represents the best evidence of its contents. Defendant respectfully refers the Court to that Act for a complete and accurate statement of its contents. Defendant denies any remaining allegations in the first paragraph numbered 47.

47. Defendant denies the allegations in the second paragraph numbered 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore they are denied.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore they are denied.

51. Defendant denies the allegations in paragraph 51 but states that it is

the mission of the Federal Bureau of Prisons to protect society by confining offenders in the controlled environments of prisons and community-based facilities that are safe, humane, cost-efficient, and appropriately secure, and that provide work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore they are denied.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore they are denied.

## COUNT ONE
## FTCA- Negligence

1. Paragraph 1 of Count One contains legal conclusions and arguments, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

2. Paragraph 2 of Count One contains legal conclusions and arguments, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

3. Paragraph 3 of Count One contains legal conclusions and arguments, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## COUNT TWO
## FTCA- Wrongful Death

6.     Paragraph 6 of Count Two contains legal conclusions and arguments, to which no response is required.  To the extent a response is required, the Defendant denies the allegations.

7.     Paragraph 7 of Count Two contains legal conclusions and arguments, to which no response is required.  To the extent a response is required, the Defendant denies the allegations. The defendant further states that Dr. Rolando Newland retired from his employment with the BOP on December 31, 2015, prior to the events alleged in this complaint.

8.     Paragraph 8 of Count Two contains legal conclusions and argument, to which no response is required.  To the extent a response is required, Defendant denies that allegations.

The remaining unnumbered paragraph contains Plaintiffs' request for relief to which no response is required.  To the extent a response is required, Defendant denies any factual allegations contained in these paragraphs and deny that Plaintiffs are entitled to the relief sought in their "WHEREFORE" clause.

Defendant United States denies each and every factual allegation contained in the Complaint, except as expressly admitted or qualified herein.  Any allegations not specifically admitted in this answer are denied.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The complaint fails in whole or in part to state a claim upon which relief may be granted.

2. The Court lacks jurisdiction over the subject matter of all or some of the claims asserted in the amended complaint.

3. Plaintiffs' claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

4. Plaintiffs' failure to provide a legally adequate Affidavit of Merit as required under N.J.S.A. § 2A:53A-26 *et seq.* is a failure to state a cause of action.

5. Plaintiffs are barred from asserting any claims that they did not fully and timely exhaust under the Federal Tort Claims Act prior to bringing suit, or that they did not timely file in this Court.

6. Under the Federal Tort Claims Act, Plaintiffs' recovery, if any, is limited to the amount set forth in their administrative tort claim. *See* 28 U.S.C. § 2675.

7. Plaintiffs may not obtain attorneys' fees, costs of suit, pre-judgment interest, or punitive damages.

8. Plaintiffs are not entitled to a jury trial in this action. *See* 28 U.S.C. § 2402.

9. Defendant did not breach any duty of care owed to the Decedent Mr. Brinkley.

10. Defendant acted with due care and diligence at all times.

11. Defendant was not the cause in fact or proximate cause of any injury sustained by Mr. Brinkley.

12. The injuries, damages and losses alleged in the complaint were not proximately caused by any wrongful or negligent acts or omissions of defendant.

13. The negligent acts or omissions of others may have constituted intervening or superseding causes of all damages or injuries allegedly sustained.

14. Plaintiffs have failed to mitigate their damages.

15. Mr. Brinkley was comparatively negligent and proximately caused and/or contributed to the injuries, damages and losses alleged in the complaint, and Plaintiffs' recovery is barred or reduced under N.J.S.A. § 2A:15-5.1 *et seq*.

16. In the event a judgment is recovered herein against the defendant, the judgment should be reduced by those amounts that have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source. *See* N.J.S.A. § 2A:15-97.

17. Defendant reserves any and all affirmative defenses not specifically asserted herein to which it is entitled, particularly those listed in Federal Rule of Civil Procedure 8(c), and reserves the right to seasonably amend this Answer to assert additional affirmative defenses that may be revealed during discovery.

## DEMAND FOR AFFIDAVIT OF MERIT

Pursuant to N.J.S.A. 2A:53A-26 *et seq.*, the United States hereby demands that plaintiff produce an Affidavit of Merit within the time specified therein. Please be advised that Dr. Ravi Sood is a general medicine practitioner.

WHEREFORE, having fully answered, defendant respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:   Newark, New Jersey
         September 29, 2021

                                        Respectfully submitted,

                                        RACHAEL A. HONIG
                                        Acting United States Attorney for the
                                        District of New Jersey

                                        By:   /s/ *Margaret Ann Mahoney*
                                        MARGARET Ann MAHONEY
                                        Assistant United States Attorney

                                        *Attorneys for Defendant the United States*

## CERTIFICATE OF SERVICE

I, Margaret Ann Mahoney, Assistant United States Attorney for the District of New Jersey, hereby certify that on **September 29 , 2021**, the foregoing Answer to the Complaint and this Certification of Service were served upon the Plaintiffs' by first class mail:

**Taquiyyah and Tameer Miller**
**7743 Oxford Ave, Apt A**
**Philadelphia, Pa 19111**

Dated: Newark, New Jersey
September 29, 2021

By: /s/ *Margaret Ann Mahoney*
Margaret Ann Mahoney
Assistant United States Attorney