

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

___

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

*Margaret Ann Mahoney*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
margaret.ann.mahoney@usdoj.gov

*main: (973) 645-2700*
*direct:(973) 645-2761*

May 2, 2022

<u>**Via Electronic Filing**</u>
Hon. Renée Marie Bumb
United States District Court
District of New Jersey
Newark, New Jersey 07101

**Re:**   *Estate of Lawrence Brinkley v. Defendant,* Civil No. 21-09955- RMB-MJS

Dear Judge Bumb:

    I am the Assistant United States Attorney representing the United States of America and the Federal Bureau of Prison ("BOP") in the above captioned case, a wrongful death action brought by the *Pro Se* Administrators of the Estate of Lawrence Brinkley, against the federal government. I respectfully request that the Court accept this letter brief in lieu of a more formal motion to dismiss.

    *Pro se* Plaintiffs Taquiyyah Miller and Tameer Miller, the administrators of the Estate of Lawrence Brinkley, bring this medical malpractice action for personal injury and wrongful death on behalf of their father, Lawrence Brinkley, a former inmate incarcerated at the Federal Correctional Institute at Fort Dox ("FCI Fort Dix") from December 2016 to January 5, 2018. ECF No. 1 Compl. ¶ 1. Plaintiffs allege that FCI Fort Dix employees deviated from accepted standards of care in treating Mr. Brinkley's stage 4 lung cancer. *Id*. at ¶¶ 7–53; Count 1 ¶ 1. Plaintiffs now bring a medical malpractice action against the United States of America.

    To proceed with their medical malpractice claims, Plaintiffs must submit "an affidavit of an appropriate licensed person" concerning whether the disputed treatment "fell [below] acceptable professional or occupational standards or treatment practices" within sixty days of the answer. N.J.S.A. 2A:53A-27; *accord Horne v. United States*, 223 F. App'x 154, 156 (3d Cir. 2007) (holding that *pro se* plaintiffs are required to submit an affidavit of merit in an FTCA action). The affidavit of merit statute requires "plaintiffs to make a threshold showing" of merit, *Vitale v. Carrier Clinic, Incorporated,* 409 F. App'x 532, 533 (3d Cir. 2010) (citation omitted), in order "to dispose of meritless malpractice claims early in the

litigation and to allow meritorious claims to move forward unhindered." *Snyder v. Pascack Valley Hosp.,* 303 F.3d 271, 274 (3d Cir.2002) (internal citations omitted).

N.J.S.A. 2A:53A-27 provides that the court may grant no more than one additional period, not to exceed sixty days, to file the affidavit pursuant to this section, upon a finding of good cause. *See Chamberlain v. Giampapa*, 210 F.3d 154 (3d. Cir. 2000) (the statute sets forth the requirements and makes no provision for exemptions except where an attorney applies for an extension within the statutory period for good cause). Only if extraordinary circumstances are present may a court grant permission to file an affidavit of merit *nunc pro tunc. Id.* at 162; *accord Smith v. United States*, No. 15-CV-7834, 2018 WL 4096209, at *3 (D.N.J. Aug. 28, 2018).

When a *pro se* plaintiff fails to timely file an affidavit of merit, courts have "considered whether the failure to comply with the filing deadline resulted from carelessness, lack of circumspection, lack of diligence, [ ] ignorance of the law [,] or failure to seek legal advice." *Fontanez v. U.S.*, 24 F. Supp. 3d 408, 414 (D.N.J. 2014) (internal quotations omitted). But *pro se* status alone does not constitute an extraordinary circumstance excusing the timely filing of an affidavit of merit. *Id*. Moreover, the failure to file a timely affidavit of merit generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum-Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. 2A:53A-29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit).

Here, the United States filed its answer to the Complaint on September 29, 2021, and included in that pleading a demand for an affidavit of merit. ECF No. 6. Pursuant to N.J.S.A. 2A:53A-27, Plaintiffs were thus required to file an affidavit of merit by no later than December 8, 2021. If the Court had granted Plaintiffs an additional sixty days to submit the affidavit of merit pursuant to N.J.S.A. 2A:53A-27, Plaintiffs should have submitted it by no later than on or about February 6, 2022. However, to date, Plaintiffs have not served an affidavit of merit.[1] Nor have Plaintiffs shown good cause for their failure to provide the required affidavit of merit.

On December 3, 2021, the Honorable Matthew J. Skahill held a status conference and scheduled an initial scheduling conference on January 10, 2022 to provide time for the Plaintiffs to obtain counsel, and advised Plaintiffs that if they did not wish to obtain counsel, the conference would be held on January 27, 2022. ECF Nos. 13 & 14. On December 29, 2021, Plaintiffs filed a motion requesting the appointment of pro bono counsel asserting that "The legal issues are complex, or prose party lacks the familiarity with the rules of evidence and discovery needed to

---

[1] As of the date of this filing, it has been more than seven (7) months (over 210 days) since Defendant filed its Answer requesting the affidavit of merit.

2

translate understanding of the law into presentation of the proofs." ECF. 16 at 3-4. On January 27, 2022, Judge Skahill held the initial scheduling conference and, at his honor's request, the defendants filed a letter later that day stating that they did not oppose Plaintiff's request for the appointment of pro bono counsel. ECF No. 18.  On February 14, 2022, Defendants sent Plaintiffs their First Set of Interrogatories and Document Requests. Defendants requested Plaintiffs supply the contact information for pro bono counsel if they obtain one.  No pro bono contact information has been provided.  As of the date of this letter, Defendants have not received any discovery requests, interrogatory responses, or responses to document requests from Plaintiffs. In addition, it appears that Plaintiffs are continuing to proceed *pro se* in this matter.

Given the Plaintiffs' failure to provide an affidavit of merit at this late date, they have failed to comply with N.J.S.A. 2A:53A-27 and the Court should therefore dismiss the action. *See, e.g.*, *Horne*, 223 F. App'x at 156 (affirming the dismissal of the action with prejudice when the *pro se* plaintiff did not submit the required affidavit of merit); *Frontier Dev. LLC v. Craig Test Boring Co.*, No. 16-CV-778, 2017 WL 4082676, at *9 (D.N.J. Sept. 15, 2017) (dismissing, with prejudice, the *pro se* plaintiff's medical malpractice lawsuit when the plaintiff had ample notice of the requirement); *Kant v. Seton Hall Univ.*, No. 00-CV-05204, 2009 WL 2905610, at *2 (D.N.J. Sept. 9, 2009) (dismissing, with prejudice, the *pro se* party's counterclaim because he did not file the affidavit of merit within 120 days of the Answer), *aff'd*, 422 F. App'x 186 (3d Cir. 2011), and *aff'd*, 422 F. App'x 186 (3d Cir. 2011).

Thank you for your consideration of this matter.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: *s/ Margaret Ann Mahoney*

Margaret Ann Mahoney
Assistant United States Attorney

cc: Tysha Miller (by ECF and email at tyshamm@yahoo.com)

3