Taqiyyah Miller & Tameer Miller
On behalf of the
Estate of Lawrence Brinkley,

Hon. Rene'e Marie Bumb                                                                July 28, 2022
United States District Court
District of New Jersey
Newark, New Jersey 07101

RE:  Estate of Lawrence Brinkley -Civil No. 21-09955- RMB-MJS

Dear Judge Bumb:

I Taqiyyah Miller and Tameer Miller co administers for the Estate of our father Lawrence Brinkley; respectfully request that the court accept this letter as an answer to the motion to dismiss our complaint against the federal government t and the Federal Bureau of Prison  in the above captioned case.

We are bringing this medical malpractice action for personal injury and wrongful death on as Pro se Plaintiffs on behalf of our father, Lawrence Brinkley, a former inmate incarcerated at the Federal Correctional Institute at Fort Dix (("FCI Fort Dix") from December 2016 to January 5, 2018. We believe that FCI Fort Dix employees failed our father deviating from accepted standards of care in his diagnosis and treatment of stage 4 cancer.

We would like to object the request for dismissal. The Affidavit of Merit statute is not focused on whether the plaintiff can prove the allegation of medical malpractice contained in the complaint, but on whether there is some objective threshold of merit to the plaintiff's claim.  Hubbard v. Reed, 774 A.2d 495, 499 (N.J. 2001).

It is a fact that the defendant filed an answer to the complaint on September 29, 2021. As Pro se' plaintiffs and our quest to seek justice for our father we lack knowledge of the law which we believe has created an extraordinary circumstance. Pursuant to N.J.S.A. 2A:53A-27 the court can grant one additional period not to exceed sixty days to file the affidavit.  We respectfully would like to request that the court grant a "Good Cause" extension in order to provide the Affidavit of Merit.

It is a fact that on December 3, 2021 the Honorable Judge Matthew J. Skahill held a status conference subsequentially scheduling an initial conference for Jan 10, 2022 to provide pro se' plaintiffs time to seek counsel. On December 29, 2021 plaintiffs filed a motion for Pro Bono counsel due to difficulties obtaining representation because of the complexity and time restraints of this action.

Plaintiff argues that Defendants' motion should be denied on equitable grounds because of delay in asserting their rights (laches/equitable estoppel). Plaintiff observes that Defendants filed a motion to dismiss but did not raise the issue of the missing affidavit of merit during conference calls on December 3, 2021 or January 27, 2022 until they filed the motion in May of 2022. Plaintiff states that Defendants sat on their right to assert the affidavit of merit defense by several months. Miller v. Lagana, Civil Action No. 15-2510 (SRC), 2 (D.N.J. Aug. 8, 2017)

Plaintiff ask the court to deny the motion on the grounds of equitable estoppel as well as laches. Additionally, the alleged failure to file an AOM should not be used to dismiss Plaintiff's constitutional claims. In 2001, the Supreme Court announced, "we hold today that there is a common knowledge exception to the Affidavit of Merit Statute…." Hubbard, 774 A.2d at 501. In a case where the plaintiff will not present expert testimony to establish negligence, but instead will rely on the common knowledge exception, the plaintiff is not required to provide an Affidavit of Merit prior to trial in order to demonstrate that his or her claim meets the threshold for merit. Id.

Lastly, Should the Court disagree, plaintiffs ask that the action is dismissed without prejudice due to the existence of extraordinary circumstances. Thank you for your consideration of this matter.

                Respectfully submitted,

                Taqiyyah Miller &Tameer Miller
                on behalf of the,
                Estate of Lawrence Brinkley

cc: Ma Mahoney, Margaret Ann (USANJ)  (by ECF and email at <margaret.ann.mahoney@usdoj.gov>