<u>NOT FOR PUBLICATION</u>

ECF 23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ESTATE OF LAWRENCE BRINKLEY, et al., | : <br> : <br> : CIV. NO. 21-9955 (RMB-MJS) <br> : <br> Plaintiffs : <br> v. : **OPINION** <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Defendant : |

The Estate of Lawrence Brinkley
Taquiyah and Tameer Miller,
Administrators of the Estate of Lawrence Brinkley
    Plaintiffs, *pro se*

Margaret Ann Mahoney, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102
    On behalf of Defendant

**BUMB**, United States District Judge

    This matter comes before the Court upon Defendant's motion to dismiss the complaint. (Docket No. 10.) The Court will decide the motion on the briefs without

an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

I. BACKGROUND

On April 21, 2021, Plaintiffs, the Estate of Lawrence Brinkley and Taquiyah and Tameer Miller, Administrators of the Estate of Brinkley,[1] filed a complaint (Docket No. 1) under the Federal Tort Claims Act, alleging that Defendant's medical negligence caused the wrongful death of Lawrence Brinkley, who was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey. Defendant filed an answer to the complaint on September 29, 2021. (Docket No. 6). The answer contains the following defense, "Plaintiffs' failure to provide a legally adequate Affidavit of Merit as required under N.J.S.A. § 2A:53A-26 et seq. is a failure to state a cause of action." (Docket No. 6 at 12, ¶ 4). On May 2, 2022, Defendant filed a motion to dismiss for failure to file an Affidavit of Merit. (Docket No. 23). After Plaintiffs' motion to appoint pro bono counsel was denied without prejudice, this Court granted Plaintiffs an extension of time to file a response in opposition to Defendant's motion to dismiss, and denied Plaintiffs' motion for an extension of time to file an affidavit of merit. (Docket No. 30).

Plaintiffs allege the following facts in support of their medical malpractice and wrongful death claims. In 2016, Mr. Brinkley was sentenced in a Delaware federal

---

[1] Plaintiffs Taquiyyah Miller and Tameer Miller allege they were appointed as Administrators of the Estate of Lawrence Brinkley by the Philadelphia Register of Wills on May 22 , 2018. (Compl., Docket No. 1 at 2, ¶¶ 4, 5.)

court to a 4-year federal prison term. He was transferred to FCI Fort Dix in December 2016. In May 2017, he noticed blood in his stool, and he was suffering pain and discomfort. He reported his symptoms to Bureau of Prisons ("BOP") medical personnel several times in May, but he was ignored. In June 2017, he became progressively worse and started losing weight, but he still was not tested to determine the cause. Mr. Brinkley's son visited him on July 2, 2017, and noticed Mr. Brinkley was in severe pain. On July 3, 2017, Mr. Brinkley fainted and was taken to Robert Woods Johnson University Hospital in Hamilton, New Jersey. He was diagnosed with hemorrhoids, treated with medication, and advised to follow up with a specialist the next day. No diagnostic testing was performed.

On July 5, 2017, Mr. Brinkley's sister sent an email to FCI Fort Dix, requesting a full medical evaluation for her brother, but she was advised that staff could not discuss the issue with her due to privacy concerns. One week later, Mr. Brinkley was taken to Robert Woods Hospital for complaints of pelvic pain and rectal bleeding. He was once again diagnosed and treated for hemorrhoids, a diagnosis that was approved by Dr. Ravi Sood at FCI Fort Dix. No diagnostic testing was done at that time, and Mr. Brinkley did not improve with treatment for hemorrhoids. Rectal bleeding can be an indicator of colon cancer, and Mr. Brinkley was 51-years-old, within the age that doctors recommend that men should have a colonoscopy screening.

Over the next few weeks, Mr. Brinkley rapidly lost forty pounds, which was noticeable to all around him. On August 15, 2017, BOP medical staff ordered a colonoscopy for Mr. Brinkley, to be performed as soon as possible. Mr. Brinkley

underwent a colonoscopy on September 11, 2017, which revealed a polyp. The polyp was not biopsied. On October 8, 2017, Mr. Brinkley sent a grievance to Warden David Ortiz, begging for emergency medical treatment. As of October 19, 2017, Dr. Sood continued to treat Mr. Brinkley for hemorrhoids. Dr. Sood saw nothing remarkable when he examined Mr. Brinkley, and testing showed his lungs were clear. Four weeks later, Mr. Brinkley was transferred from FCI Fort Dix to a hospital, where he was diagnosed with stage 4 lung cancer. The last five weeks of his life were spent in the hospital, handcuffed to his bed. His family was only allowed to visit once before his death on January 5, 2018.

After Defendant filed a motion to dismiss, Plaintiffs requested an extension of time to file an affidavit of merit. (Docket No. 29). This Court denied the request because the lack of legal knowledge does not excuse compliance with the statute. (Docket No. 30).

## II. MOTION TO DISMISS

Defendant seeks dismissal of the complaint, with prejudice, for failure to comply with the New Jersey affidavit of merit statute, which is applicable to claims brought under the Federal Tort Claims Act. (Docket No. 23). Defendant submits that pro se status, without more, does not constitute an extraordinary circumstance to excuse the failure to file an affidavit of merit. Plaintiffs' affidavit of merit was due December 8, 2021. On June 21, 2022, Plaintiffs submitted a letter request for an extension of time to file an affidavit of merit. The request was denied. Even if Plaintiffs had the benefit of the sixty-day extension of time available under N.J.S.A. 2A:53A-

27, the affidavit of merit was due on February 6, 2022, and their request for an extension was too late.

Plaintiffs oppose dismissal of the complaint. (Docket No. 31). First, Plaintiffs assert that pro se status is good cause for an extension of time to file an affidavit of merit. Second, Plaintiffs oppose dismissal on equitable grounds because Defendant failed to raise the affidavit of merit defense in conference calls on December 3, 2021, and January 27, 2022, and failed to assert the defense until May 2022. Third, Plaintiffs assert that the common knowledge exception to the affidavit of merit requirement is applicable, and contend that expert testimony is not necessary to establish negligence at trial.

### III. DISCUSSION

#### A. Standard of Law

To bring malpractice and wrongful death claims in New Jersey, a plaintiff must submit, within 60 days from when the answer to the complaint was filed, "an affidavit of an appropriate licensed person" stating the licensed person's professional service "fell [below] acceptable professional or occupational standards or treatment practices". N.J. Stat. Ann. § 2A:53A-27. This provision applies to a pro se plaintiff who brings a federal tort claim action based on medical malpractice in New Jersey, and must prove a deviation from the professional standard of care. *Horne v. United States*, 223 F. App'x 154, 156 (3d Cir. 2007). Upon a finding of good cause, a court may grant not more than one additional period, not to exceed sixty days, to file an affidavit of merit. N.J. Stat. Ann. 2A:53A-27. Only if extraordinary circumstances are

present may a court grant permission to file the affidavit of merit *nunc pro tunc*. *Chamberlain v. Giampapa*, 210 F.3d 154, 162 (3d Cir. 2000) (citing *Cornblatt v. Barow*, 708 A.2d 401, 413 (N.J. 1998)). "Absent the plaintiff's showing of one of four limited exceptions, if the affidavit of merit is not filed within 60 (or 120) days, the failure to file requires dismissal of the action with prejudice." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012) (citing *Cornblatt,* 708 A.2d at 413 (citing N.J. Stat. Ann. § 2A:53A–29.))  The four exceptions are:  (1) lack of information; (2) common knowledge; (3) substantial compliance; and (4) extraordinary circumstances.  *Nuveen*, 692 F.3d at 305 (citations omitted)).  The extraordinary circumstance exception is fact-specific, but typically excludes carelessness, lack of circumspection or lack of diligence on the part of the plaintiff or his/her counsel. *Id.* at 309 (quoting *Cobalt Multifamily Investors I, LLC v. Shapiro*, 857 F.Supp.2d 419, 438–40, No. 06–6468, 2012 WL 762129, at *15 (S.D.N.Y. Mar. 8, 2012) (quoting *Hyman Zamft & Manard*, 707 A.2d at 1071)). "[P]laintiffs and their counsel are responsible for knowing that an affidavit must accompany a malpractice claim under New Jersey law." *Id.*

   B.   Analysis

Pursuant to N.J. Stat. Ann. § 2A:53A-27, Plaintiffs were required to file an affidavit of merit by no later than December 8, 2021. If Plaintiffs had timely sought an additional sixty days to submit the affidavit of merit, Plaintiffs should have submitted the affidavit by no later than February 6, 2022.  Defendant filed the motion to dismiss

on May 2, 2022. Plaintiffs advance three reasons to justify the failure to timely file an affidavit of merit in this matter. The first reason, Plaintiffs' pro se status, does not justify noncompliance with the statute because "plaintiffs [and their counsel] are responsible for knowing that an affidavit must accompany a malpractice claim under New Jersey law." *Nuveen*, 692 F.3d at 309. Moreover, Plaintiffs, unable to obtain counsel prior to the deadline for filing an affidavit of merit, have not described any effort they made to obtain the requisite affidavit without legal assistance. Therefore, the lack of diligence on Plaintiffs' part disfavors finding that pro se status presented an extraordinary circumstance that prevented Plaintiffs from obtaining an affidavit of merit. *Hyman Zamft & Manard, L.L.C.,* 707 A.2d at 1071 (stating "[c]ase law makes it clear that ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline….") (citations omitted)).

Second, Plaintiffs advance equitable estoppel and laches to justify their noncompliance with the statute. Defendant failed to raise the defense in conference calls held in December 2021 and January 2022, and failed to bring the motion to dismiss until May 2022. This argument fails. Defendant filed an answer to the complaint on September 29, 2021. (Docket No. 6). The answer contains the following defense: "Plaintiffs' failure to provide a legally adequate Affidavit of Merit as required under N.J.S.A. § 2A:53A-26 et seq. is a failure to state a cause of action." (Answer, Docket No. 6 at 12, ¶ 4). This put Plaintiffs on notice of Defendant's intent to raise the affidavit of merit defense. Thus, there is no equitable reason to preclude Defendant's reliance on the defense. *See Nuveen*, 692 F.3d at 310 (noting the defendant

7

"acted appropriately in waiting approximately three weeks after the 120–day period in which [the plaintiff] had to file the affidavits expired to file their motions to dismiss.")

Third, Plaintiffs maintain that the common knowledge exception applies here because Plaintiffs do not require expert testimony at trial to establish negligence. The common knowledge exception to the affidavit of merit requirement applies in "cases in which the alleged conduct or failure to act, if accepted as true, would be readily recognizable, by a person of average intelligence, as a failure to exercise the appropriate standard of care." *Cowley v. Virtua Health Sys.*, 230 A.3d 265, 269 (N.J. 2020). The exception applies "only when expert testimony is not required to prove a professional defendant's negligence." *Id.* "'[T]he exception is properly invoked only when 'jurors are competent to assess simple negligence occurring ... without expert testimony to establish the standard of ordinary care.'" *Id.* at 276 (quoting *Nowacki v. Cmty. Med. Ctr.*, 652 A.2d 758 (N.J. Ct. App. Div. 1995)). "The common knowledge exception is construed narrowly 'to avoid noncompliance with the statute.'" *Id.* at 275 (quoting *Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495 (N.J. 2001)).

Here, the common knowledge exception applies to some but not all of Plaintiff's allegations of negligence. It is within the common knowledge of a layperson to determine whether delay in providing Mr. Brinkley with any medical evaluation for symptoms he first reported in May 2017, until he required emergency care at a hospital in July 2017, was a failure to exercise the appropriate standard of care. Further, on July 3, 2017, when the emergency room physician recommended follow up with a specialist the next day, it is within the common knowledge of a layperson to determine

8

whether it violated the professional standard of care to ignore this recommendation. When, on August 15, 2017, a colonoscopy was ordered for Mr. Brinkley "as soon as possible" due to his sudden weight loss, it is within the common knowledge of a layperson to determine whether September 11, 2017, was "as soon as possible." On the other hand, whether the professional standard of care required medical providers to evaluate Mr. Brinkley for cancer, rather than treating him for hemorrhoids, is not within a layperson's common knowledge. In other words, Plaintiffs may proceed on their claims of delay in providing evaluation and treatment, but not on their claims of what evaluation and treatment was required by the professional standard of care.

## IV.   CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion to dismiss. Because Plaintiffs did not raise the specific common knowledge exception found by this Court, Defendant may file a motion for reconsideration, within 14 days of the date of entry of the order, to address the issue.

An appropriate Order follows.

Date: **December 27, 2022**

                                                                          s/Renée Marie Bumb
                                                                          **RENÉE MARIE BUMB**
                                                                          **United States District Judge**