

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

Philip R. Sellinger
UNITED STATES ATTORNEY

*Margaret Ann Mahoney*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*          main: (973) 645-2700
*Newark, NJ 07102*                     direct:(973) 645-2761
*Margaret.ann.mahoney@usdoj.gov*       fax:   (973) 645-2010

May 12, 2023

**BY ECF**
Honorable Matthew J. Skahill
United States Magistrate Judge, DNJ
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

      Re:   *Estate of Lawrence Brinkley v. United States of America*,
           Civil Action No: 21-cv-09955 (RMB)(MJS)

Dear Judge Skahill;

      I am the Assistant United States Attorney representing the United States of America in the above case, a wrongful death action brought by the *pro se* Administrators of the Estate of Lawrence Brinkley, against the federal government. I respectfully write to respond to Plaintiff's April 24, 2023, letter asking the Court to reopen discovery while the dispositive motion for reconsideration remains pending before Chief Judge Bumb. (ECF Nos. 47 & 50). As Your Honor will recall, on May 2, 2022, Defendant filed a motion to dismiss due to Plaintiff's failure to provide an affidavit of merit. (ECF No. 23). Plaintiffs filed a response on July 29, 2022. (ECF No. 31). On December 27, 2022, Chief Judge Bumb granted in part and denied in part Defendant's motion to dismiss and granted Defendant permission to file a motion for reconsideration on or before February 9, 2023. (ECF Nos. 39-40). Defendant filed the motion for reconsideration and it remains pending before Chief Judge Bumb. On March 3, 2023, Your Honor stayed all discovery deadlines until the motion is decided. (ECF No. 49).

      Defendant objects to the reopening of discovery at this time. The motion for reconsideration is a dispositive motion and Chief Judge Bumb's decision on this motion may end the matter. Under well-established precedent, a plaintiff's failure to supply a timely affidavit of merit may result in the dismissal of the complaint. *See* N.J.S.A. 2A:53A-29; *see also*, *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum-Smith Brown, P.C.* 692 F.3d 283 (3d Cir. 2012) (setting forth the consequences for a plaintiff's failure to provide an affidavit of merit). As a result,

reopening discovery before Chief Judge Bumb decides the motion could result in an unnecessary use of the parties' and the Court's time and resources.

      Thank you for your consideration of this matter and I look forward to discussing the matter at the next court conference currently scheduled for **June 15, 2023, at 10:30 am.**

                Respectfully,

                PHILIP R. SELLINGER
                United States Attorney

By:   *s/ Margaret Ann Mahoney*

                Margaret Ann Mahoney
                Assistant United States Attorney

cc: via ECF and Email to Tysha Miller @ Tyshamm@yahoo.com

2