NOT FOR PUBLICATION

ECF 47

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

ESTATE OF LAWRENCE BRINKLEY, et al.,

        Plaintiffs

v.

UNITED STATES OF AMERICA,

        Defendant

CIV. NO. 21-9955 (RMB-MJS)

**OPINION**

The Estate of Lawrence Brinkley
Taquiyah and Tameer Miller,
Administrators of the Estate of Lawrence Brinkley
    Plaintiffs, *pro se*

Margaret Ann Mahoney, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102
    On behalf of Defendant

**RENÉE MARIE BUMB**, Chief United States District Judge

This matter comes before the Court upon Defendant's motion for reconsideration of this Court's order denying in part Defendant's motion to dismiss. (Docket No. 47.) The Court will decide the motion on the record without an oral

1

hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will deny the motion for reconsideration.

I. BACKGROUND

On April 21, 2021, Plaintiffs, the Estate of Lawrence Brinkley and Taquiyah and Tameer Miller, Administrators of the Estate of Brinkley, filed a *pro se* complaint (Docket No. 1) under the Federal Tort Claims Act, alleging that Defendant's medical negligence caused the wrongful death of Lawrence Brinkley, who was incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix.") Defendant filed an answer to the complaint on September 29, 2021. (Docket No. 6). The answer contains the following defense, "Plaintiffs' failure to provide a legally adequate Affidavit of Merit as required under N.J.S.A. § 2A:53A-26 et seq. is a failure to state a cause of action." (Docket No. 6 at 12, ¶ 4). On May 2, 2022, Defendant filed a motion to dismiss for failure to file an Affidavit of Merit ("AOM") (Docket No. 23). After Plaintiffs' motion to appoint pro bono counsel was denied without prejudice, this Court granted Plaintiffs an extension of time to file a response in opposition to Defendant's motion to dismiss, and denied Plaintiffs' motion for an extension of time to file an affidavit of merit. (Docket No. 30). On May 12, 2023, this Court held:

> Here, the common knowledge exception applies to some but not all of Plaintiff's allegations of negligence. It is within the common knowledge of a layperson to determine whether delay in providing Mr. Brinkley with any medical evaluation for symptoms he first reported in May 2017, until he required emergency care at a hospital in July 2017, was a failure to exercise the appropriate standard of care.

2

> Further, on July 3, 2017, when the emergency room physician recommended follow up with a specialist the next day, it is within the common knowledge of a layperson to determine whether it violated the professional standard of care to ignore this recommendation. When, on August 15, 2017, a colonoscopy was ordered for Mr. Brinkley "as soon as possible" due to his sudden weight loss, it is within the common knowledge of a layperson to determine whether September 11, 2017, was "as soon as possible." On the other hand, whether the professional standard of care required medical providers to evaluate Mr. Brinkley for cancer, rather than treating him for hemorrhoids, is not within a layperson's common knowledge. In other words, Plaintiffs may proceed on their claims of delay in providing evaluation and treatment, but not on their claims of what evaluation and treatment was required by the professional standard of care.

(Opinion, Docket No. 38 at 8-9.)[1]

## II.    MOTION FOR RECONSIDERATION

### A.    Standard of Law

This Court's Local Civil Rule 7(i) governs motions for reconsideration and provides that such a motion shall be filed and served within 14 days after the entry of the order or judgment on the original motion by the Judge. A party must file a brief that sets forth "the matter or controlling decisions which the party believes the Judge has overlooked…."

---

[1] "A dismissal for failure to provide an affidavit of merit entered without considering a "common knowledge" claim may well terminate the litigation for failure to comply with a statute not relevant in the case. Such an outcome would not further the interests of justice or the interests served by the affidavit of merit statute." *Bender v. Walgreen E. Co.*, 945 A.2d 120, 125 (N.J. Super. Ct. App. Div. 2008).

**B.     Analysis**

Defendant contends that this Court overlooked precedent that the common knowledge exception does not apply to the AOM requirement in N.J. Stat. Ann. § 2A:53A-27 ("AOM Statute"), as applied to the facts of this matter. (Mot. for Reconsideration, Docket No. 47 at 5-6.) The statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J. Stat. Ann. § 2A:53A-27. The AOM Statute "applies only to the duty of care and breach of duty of care elements of a negligence claim…" *Cowley v. Virtua Health Sys.*,

4

230 A.3d 265, 274 (N.J. 2020). The New Jersey Supreme Court explained the common knowledge exception to the statute's AOM requirement:

> The common knowledge exception to the Affidavit of Merit Statute applies only when expert testimony is not required to prove a professional defendant's negligence. Thus, in the limited cases where a person of reasonable intelligence can use common knowledge to determine that there was a deviation from a standard of care, an expert is no more qualified to attest to the merit of a plaintiff's malpractice claim than a non-expert.

*Cowley v. Virtua Health Sys.*, 230 A.3d 265, 269 (N.J. 2020). "[T]he exception is properly invoked only when 'jurors are competent to assess simple negligence occurring ... without expert testimony to establish the standard of ordinary care.'" *Id.* at 276 (quoting *Nowacki v. Cmty. Med. Ctr.*, 652 A.2d 758, 766 (N.J. Super. Ct. App. Div. 1995). A party may not disguise "complex negligence cases with common knowledge allegations as to acts of omission." *Id.* at 277.

Defendant contends the following cases establish that the common law knowledge exception does not apply to the facts here. First, Defendant relies on *Cowley*, *supra*. In *Cowley*, the New Jersey Supreme Court held:

> In this case, in the hierarchal setting of a multi-disciplinary medical team providing care to a hospitalized patient, plaintiff alleges that the overnight duty nurses charged with monitoring her as the hospitalized patient were negligent in that care. To assess a deviation in the standard of care in such a setting, one must know the procedures, protocols, and scope of duties of the licensed professional nurses in such circumstances. An expert is required for that explanation. Such information is outside of the realm of common knowledge. And, importantly, considerations of patient autonomy must be added to the consideration of the requisite professional standards in this matter.

5

230 A.3d at 276.

The decedent in this case was incarcerated in FCI Fort Dix, and his medical care was provided by the prison's medical staff and the outside medical providers to whom he was referred for evaluation. Unlike the plaintiff in *Cowley*, the decedent here was dependent on prison staff for scheduling his medical care, a task that potentially involved non-medical considerations such as availability of staff within the prison, and the transportation and security required for medical care outside the prison, along with corresponding financial considerations. To the extent these nonmedical factors played a role in delay in scheduling the decedent's medical evaluations, expert testimony is not required to establish a licensed professional's deviation from the medical standard of care.

Second, Defendants cites to *Dasaro v. County of Monmouth*, where the Third Circuit held, in an unpublished opinion, that where the negligence claims involved whether the prison medical staff should have identified that the decedent posed a suicide risk and should have placed him in "detox housing," the common knowledge exception did not apply because it was not "'readily apparent to anyone of average intelligence' that there was a breach of the duty of care." 832 F. App'x 788, 793 (3d Cir. 2020) (per curiam) (quoting *Cowley*, 230 A.3d at 274). Defendant submits this case is similar to *Dasaro* because the medical professionals at FCI Fort Dix evaluated and provided treatment to the decedent on numerous occasions, and he was sent to a hospital for further evaluation. Therefore, Defendant maintains an expert is needed

to establish whether there was a breach of the standard of care, and whether any delay was appropriate under the circumstances.

The facts in *Dasaro* are distinguishable. Here, the common knowledge exception turns on whether the delay in providing medical care to a prisoner was based on nonmedical factors. An expert is not required for Plaintiff to pursue this theory of liability. If discovery does not support liability on this narrow theory, and expert testimony is required to establish Plaintiff's malpractice claims, Defendant may raise the issue on summary judgment. Alternatively, the Court notes, if discovery does not show that there was a nonmedical reason for delay, it may well be the case that Plaintiff will be precluded from proving damages as a result of that delay because expert testimony will be required. This issue is for another day. Morever, the AOM "is not a pleading requirement"; thus, "a defendant seeking to "dismiss" an action based on the plaintiff's failure to file a timely affidavit should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 304, n. 13 (3d Cir. 2012) (alterations added).

Finally, Defendant relies on several district court cases for reconsideration.[2]

---

[2] *Sellow v. Nwachukwu*, No. 18-13220, 2023 WL 157432, at *1 (D.N.J. Jan. 11, 2023) (holding, on summary judgment, that amount and timing of treatment after back surgery was not within the common knowledge of an average person); *Estate of Allen v. Cumberland County*, 262 F. Supp. 3d 112 (D.N.J. 2017) (finding an expert was required to describe the standard of nursing care applicable to the evaluation of suicidal thoughts); *Fontanez v. United States*, 24 F. Supp. 3d. 408 (D.N.J. 2014) (finding series of purported medical errors spanning multiple days and actions of multiple parties did not fit within common knowledge exception); *Gonzalez v. New Jersey Dept. of Children and Families*, 545 F. Supp. 3d. 178, 192 (D.N.J. 2021) (finding, on summary judgment, common knowledge exception inapplicable to allegation of negligence

District court cases are not controlling precedent.  Reconsideration on noncontrolling case law is inappropriate.

## III.   CONCLUSION

For the reasons discussed above, this Court will deny Defendant's motion for reconsideration.

An appropriate order follows.


Date:  September 27, 2023         s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**

---

where doctor allegedly failed to make an inference of suspected child abuse upon examination).